CHILE S. S. CO., Inc. v. NACIREMA
OPERATING CO., Inc.

THE ANDES.

District Court, S. D. New York.
March 29, 1948.

Bigham, Englar, Jones & Houston, of New York City (C. A. Van Hagen, Jr., of New York City, of counsel), for libellant.

Macklin, Brown, Lenahan & Speer, of New York City, (Leo Hanan, of New York City, of counsel), for respondent.

CLANCY, District Judge.

On the 7th of September, 1944, respondent's employees were engaged as stevedores in unloading the S. S. Lafayette at Pier 9, Erie Railroad. Her cargo consisted of copper slabs 18 inches long, 1 foot wide and 4 inches thick and weighing about 300 pounds. They were moved in a sling from the hold of the Lafayette to the deck of the lighter Andes, owned by the libellant. A sling load consisted of from four to seven slabs. Thwart-ship's beams of the lighter were eight by tens or eight by twelves. On their top was laid a decking of four inch planks and superimposed upon it was a sheathing consisting of 1¼ inch planks.

At about 3:30 o'clock in the afternoon of September 7th, a load in the sling was dropped onto the lighter's deck with considerable force. The Andes was later moved to the dock and the man in her charge descended to the hold and found a crack in one of the deck beams. There was evidence that that beam had rotted but whether it had and if so to what extent we do not and need not now determine. It was about midship under or near that part of the deck on which the load had been dropped. The dropping of the sling load forcefully on the lighter's deck was due to the negligence of the respondent in failing properly to operate the loading equipment, in failing properly to brake the fall of the sling load and to the carelessness and inattention of the employees operating the winches and the tackle and of those directing their operation.

The handling of copper slabs of the size and weight we have described on a wooden deck necessarily causes wear and tear to the deck but that fact is a distraction in this case. A stevedore knows as a reasonable man that when landing a ton of such a cargo in a sling he must secure as gentle a contact as possible with the deck. The stevedore has no right to calculate the bearing power of either the vessel's structure or the deck and rate the tolerable impact of a load accordingly, because the loose handling of a single three hundred pound tile, much less a sling load of four to seven of them, is reasonably feared to cause damage to the deck or to the men. That is why the load is ordinarily dropped to within a foot of the deck as the foreman said and then "walked" by the deck gang to within a foot of the storage spot where it is slowly dropped on a six by six log. This latter adjunct was not located by the bargee for the load which damaged the Andes; that had descended in an unbroken drop from the block to the deck. The fact that the deck sheathing was not broken or a man injured by the forceful drop we have found means that the respondent was lucky. It is no defense that the damage sustained was of a character that was not foreseen

558

even if it were thought to be not reasonably foreseeable. Restatement of the Law of Torts, Volume 2, § 435. The degree to which the beam had rotted is involved in the finding of the quantum of damage, not in the finding of negligence.